# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SUSAN BAKER, *et al.*, <br><br> Plaintiffs, <br> v. <br> DEAN MEILING, *et al.*, <br><br> Defendants. | Case No. 3:20-cv-00518-MMD-CLB <br><br> ORDER |

Plaintiffs, a putative class of elderly investors in a company formerly known as Metalast, sued Defendants, the people and entities that either bought that company out of receivership, or played a role in the receivership proceedings, in California state court, for a purported fraudulent scheme and conspiracy to take Metalast through receivership so some Defendants could buy it at a discounted price. (ECF No. 1-3.) The Court previously dismissed Plaintiffs' Complaint in its entirety, with prejudice. (ECF No. 137 ("Dismissal Order").) Defendant CHEMEON Surface Technology, LLC ("Chemeon") subsequently voluntarily dismissed its counterclaim without prejudice. (ECF No. 140.) Considering that development, Chemeon and several other Defendants filed a status report requesting that the Court direct entry of judgment and close this case. (ECF No. 141.)

Later that same day, Plaintiffs filed a motion for entry of Clerk's default against Defendants James Proctor and Meridian Advantage (ECF No. 143), and a corresponding status report expressing the view that the Court should refrain from entering judgment and closing this case until they complete the default process against Defendants Proctor and Meridian Advantage (ECF No. 142). As further background, on April 8, 2021, the Court had issued a notice of intent to dismiss Defendants Proctor and Meridian Advantage under Fed. R. Civ. P. 4(m) because Plaintiffs had not filed proper proof of service as to these defendants. (ECF No. 132.) Plaintiffs filed proof of service as to these defendants on April

13, 2021. (ECF Nos. 134, 135.) However, in those proofs of service, Plaintiffs stated that both Defendants were served on May 4, 2020—nearly a year earlier. (ECF Nos. 134 at 1, 135 at 1.) Plaintiffs have not explained the delay in filing these proofs of service. (ECF No. 143-1.)

The Court issued the Dismissal Order on April 28, 2021, or about two weeks after Plaintiffs filed proofs of service for Defendants Proctor and Meridian Advantage. (ECF Nos. 134, 135, 137.) Defendants Proctor and Meridian Advantage did not participate in the briefing that culminated in the Dismissal Order. However, in the Dismissal Order, the Court dismissed Plaintiffs' Complaint, in its entirety, with prejudice—a ruling that applies to all claims and all Defendants. (ECF No. 137 at 16.) The Court also discussed Plaintiffs' allegations against Defendants Proctor and Meridian Advantage in explaining that the litigation privilege barred all of Plaintiffs' claims. (*Id.* at 6-10.) And the Court's alternative holding that Plaintiffs' claims are barred under the longest potentially applicable statute of limitations applies with equal force to Plaintiffs' claims against Defendants Proctor and Meridian Advantage. (*Id.* at 10-14.) In sum, Defendants Proctor and Meridian Advantage are similarly situated to the Defendants who did appear and participated in the briefing process that culminated in the Dismissal Order.

The Court will accordingly deny Plaintiffs' motion for entry of Clerk's default as futile (ECF No. 143),[1] and clearly state that all of Plaintiffs' claims against Defendants Proctor and Meridian Advantage are dismissed—to the extent that was not already implied in the Dismissal Order.

"It would be unreasonable to hold, that because one defendant had made default, the plaintiff should have a decree even against him, where the court is satisfied from the proofs offered by the other, that in fact the plaintiff is not entitled to a decree." *Frow v. De La Vega*, 82 U.S. 552, 554 (1872) (citation omitted). Indeed, it would be "incongruous and

---

[1] The Court finds it inefficient to wait until the Clerk of Court grants Plaintiffs' pending motion, because the Court would then deny the motion for entry of default judgment that would presumably follow. The Court will deny the motion now and direct entry of judgment in this case.

unfair" in this case to enter default judgments against Defendants Proctor and Meridian Advantage that directly contradict the Court's Dismissal Order. *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001). Moreover, the Court "may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." *Silverton v. Dep't of the Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981); *see also Abaghinin v. Amvac Chem. Corp.*, 545 F.3d 733, 742-743 (9th Cir. 2008). As noted, Defendants Proctor and Meridian Advantage are similarly situated to the other Defendants in this case.

In sum, the Court will direct entry of judgment in Defendants' favor now. The Court dismissed Plaintiffs' entire Complaint—including their claims against Defendants Proctor and Meridian Advantage—with prejudice in the Dismissal Order, and Chemeon voluntarily dismissed its counterclaim. As clarified in this order, no pending claims or counterclaims remain in this case.

It is therefore ordered that Plaintiffs' motion for entry of Clerk's default (ECF No. 143) is denied.

The Clerk of Court is directed to enter judgment in accordance with this order—and the Dismissal Order (ECF No. 137)—and close this case.

DATED THIS 7th Day of May 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE